UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LADON DARNELL MOORE,

        Plaintiff,                     Case Number: 1:25-cv-13366

                                       Honorable Thomas L. Ludington
                                       United States District Judge
v.

MARK INGER, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

On October 23, 2025, Plaintiff Ladon Darnell Moore, while incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* Complaint. ECF No. 1. Plaintiff names twenty-four Michigan Department of Corrections (MDOC) employees as Defendants. See ECF No. 1 at PageID.2–8. Twenty-two Defendants are employed at the Macomb Correctional Facility (MRF) in Lenox Township, Michigan, and two Defendants are employed at the MDOC's main office in Lansing, Michigan. *See id.*

Plaintiff alleges that Defendants deprived him of his rights under the First, Eighth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983. *Id.* at PageID.9. Specifically, he alleges that while incarcerated at MRF, Defendants were deliberately indifferent to his medical needs, subjected him to unsanitary housing conditions, retaliated against him for filing grievances, withheld or delayed legal mail, and conducted unfair misconduct hearings. *See id* at PageID.11– 18. Along with his Complaint, Plaintiff applied to proceed *in forma pauperis* (IFP). ECF No. 2.

Generally, anyone who sues in federal court must pay a filing fee. *Taylor v. Stevens*, 146 F.4th 480, 482 (6th Cir. 2025) (citing 28 U.S.C. § 1914). But Congress has long recognized that access to federal courts should not turn on one's bank balance. *Id.* So one who cannot afford the fee may ask to proceed IFP, a mechanism that permits payment over time—or, in some cases, not at all. *See Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1915(a)–(b)).

That accommodation has its limits. Congress has imposed constraints through the Prison Litigation Reform Act (PLRA), under which "incarcerated people can lose [the] privilege" to proceed IFP. *Taylor*, 146 F.4th at 482. Indeed, under the PLRA's "three-strikes" rule, an inmate may not proceed IFP if he has previously filed three or more actions or appeals in which "all claims" were dismissed as "frivolous, malicious, or fail[ing] to state a claim." *Crump*, 121 F.4th at 1111(citing 28 U.S.C. § 1915(g)). So, the rule is straightforward: three strikes and the prisoner is out—the privilege to proceed IFP is lost "unless the prisoner is under imminent danger of serious physical injury." *See Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021) (quoting 28 U.S.C. § 1915(g)).

Federal courts have dismissed at least three of Plaintiff's prior complaints for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See Moore v. Kamardt*, No. 23-cv-1213, 2025 WL 18310 (W.D. Mich. Jan. 2, 2025) (denying complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Moore v. Johnson*, No. 23-cv-1220, 2024 WL 806248 (W.D. Mich. Feb. 27, 2024) (denying claims as "legally frivolous" and certifying that dismissal constitutes a strike under 28 U.S.C. § 1915(g)); *Moore v. Unknown Parties*, No. 23-cv-294, 2023 WL 3749255 (W.D. Mich. June 1, 2023) (denying complaint for failure to state a claim and designating dismissal as a strike under 28 U.S.C. § 1915(g)).

Plaintiff's Complaint raises concerns about medical care and housing conditions during his confinement at the Macomb Correctional Facility. *See generally*, ECF No.1.  Plaintiff is no longer incarcerated at that facility and asserts no allegations of danger at the Thumb Correctional Facility, where he is presently incarcerated. *See generally id.* Plaintiff's "allegations of past dangers" at MRF are "insufficient to invoke the exception" outlined in § 1915(g). *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception.").

Because Plaintiff has had three prior IFP cases dismissed for frivolity or failure to state a claim and faces no risk of imminent danger, Plaintiff's IFP Application, ECF No. 2, will be denied under the PLRA's three-strikes rule. Further, because his IFP application will be denied and he has not paid his filing fee, Plaintiff's Complaint, ECF No. 1, will be dismissed. And because this Court concludes an appeal would not be taken in good faith, Plaintiff will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Application to proceed *In Forma Pauperis*, ECF No. 2, is **DENIED**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

Further, it is **ORDERED** that Plaintiff's Motion for Discovery, ECF No. 3; Motion to Amend Complaint After Discovery, ECF No. 4; Motion for a 65(a) Preventative Order, ECF No. 7; Motion to Add Missing Exhibit, ECF No. 8; Motion to Compel, ECF No. 10; Motion for Pro

Bono Attorney, ECF No. 11; and Motion for Verification of Notice of Mediation Program, ECF No. 12, are **DENIED** as moot.

Dated: December 12, 2025                          <u>s/Thomas L. Ludington</u>
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge